UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REYCEL PEREZ-MARTINEZ,

                Petitioner,

    v.

MARGARET GILBERT,

                Respondent.

CASE NO. C15-5950 BHS-KLS

REPORT AND RECOMMENDATION
**NOTED FOR:  MARCH 25, 2016**

Petitioner Reycel Perez-Martinez filed a habeas corpus petition challenging his custody under a state court judgment and sentence.  Dkt. 6.  Respondent answered the petition, asserting the petition is a "mixed petition" because it contains both exhausted and unexhausted claims. Dkt. 11.  Respondent noted that petitioner could move to stay the petition while he attempts to exhaust his state court remedies.  *Id*., at 11.  Mr. Perez-Martinez now moves to stay the proceedings and hold the case in abeyance until the Washington courts have the opportunity to rule on a pending personal restraint petition.  Dkt. 14.  The Court recommends that the motion to stay be granted and that these proceedings be held in abeyance while Mr. Perez-Martinez exhausts his state court remedies.

REPORT AND RECOMMENDATION- 1

## DISCUSSION

When faced with a mixed petition, a district court may generally exercise one of three options: (1) dismiss the mixed petition without prejudice to allow the petitioner to present his unexhausted claims to the state court and then return to federal court to file a new habeas petition containing all of the claims; (2) stay the mixed petition to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his perfected petition; and (3) allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 274-79 (2005). The Court may stay a petition and hold the proceedings in abeyance where the stay would be a proper exercise of discretion. *Id.,* at 276. A stay is appropriate where the petitioner is attempting to properly exhaust claims in state court. *Id*. Here, it appears Mr. Perez-Martinez is attempting to exhaust state remedies, and the Washington courts should rule in the state court proceedings in the near future. Further, Respondent does not object to the stay. Therefore, the requested stay appears appropriate.

## CONCLUSION

Accordingly, it is recommended that Petitioner's motion to stay (Dkt. 14) be **granted.** Petitioner should be directed to notify the Court within **thirty (30)** days of resolution of his state court proceedings and to provide the Court with a status report of his state court proceedings every **ninety (90)** days.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit

REPORT AND RECOMMENDATION- 2

1 imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 25,**

2 **2016,** as noted in the caption.

3     DATED this 8th day of March, 2016.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3