1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REYCEL PEREZ-MARTINEZ,

                                    Petitioner,

        v.

MARGARET GILBERT,

                                    Respondent.

CASE NO. C15-5950 BHS

ORDER ADOPTING IN PART
REPORT AND
RECOMMENDATION AND
GRANTING EVIDENTIARY
HEARING

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 61, Respondent Margaret Gilbert's ("State") objections to the R&R, Dkt. 67, and Petitioner Reycel Perez-Martinez's ("Petitioner") objections to the R&R, Dkt. 69.

On May 22, 2019, Judge Fricke issued the R&R recommending that the Court deny Petitioner's petition and grant a certificate of appealability ("COA"). Dkt. 61. On September 9, 2019, the State filed objections to part of the R&R, Dkt. 67, and Petitioner filed objections, Dkt. 69. On September 19, 2019, the State responded. Dkt. 71. On September 26, 2019, Petitioner responded. Dkt. 73. On December 18, 2019, Petitioner filed a notice of supplemental authority. Dkt. 75.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

## A.    The State's Objections

The State objects to the R&R on three grounds.  Dkt. 67.  The first two objections address the scope of review, and the Court will address them before reaching the merits. The last objection addresses whether a COA should issue, which the Court will address at the conclusion of this proceeding.

### 1.    "New" Claims

The State argues that Judge Fricke should not have considered Petitioner's additional grounds for relief that were asserted for the first time in his supplemental brief. Dkt. 67 at 2–5.  Although the State concedes that the amended petition asserted seven allegations in support of Petitioner's ineffective assistance of counsel ("IAC") claim, the State argues that Petitioner improperly raised three new allegations regarding this claim in his supplemental brief.  Dkt. 59 at 20.  The three challenged allegations are that (1) Petitioner's counsel was deficient during plea negotiations, (2) counsel failed to introduce evidence of the victim's violent past, and (3) that counsel failed to introduce evidence that the victim possessed $3,000.  *Id.*

The State's first argument in support of its position is that the Court may not consider arguments or claims raised for the first time in a traverse.  Dkt. 67 at 3 (citing *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994)).  This argument is without

1   merit in this case because Petitioner did not raise these issues for the first time in a

2   traverse.  Instead, the issues were specifically addressed for the first time in a

3   supplemental brief after counsel was appointed.  The State was given notice and an

4   opportunity to respond to this brief and therefore the State has failed to establish any

5   violation of due process.

6         Second, the State argues that the Court should enforce a strict interpretation of the

7   supplemental rules governing habeas petitions.  Specifically, the State argues that "Rule 2

8   expressly requires the petitioner to raise all grounds for relief in the habeas corpus

9   petition." Dkt. 67 at 3.  In the pro se amended petition, Petitioner listed five grounds for

10  relief, including an IAC claim that set forth "cumulative errors throughout the trial." Dkt.

11  24 at 39.  In his supplemental brief drafted by appointed counsel, Petitioner raises the

12  three arguments that the State challenges as new claims for relief.  Dkt. 58 at 33–37, 39–

13  40.  The State fails to cite any authority in support of its strict interpretation of Rule 2,

14  and the Court declines to accept the State's position that Petitioner raised new grounds

15  that are barred by the statute of limitations.  Instead, the Court agrees with Petitioner that

16  this is the unusual case in which a pro se petition is further refined and enlightened by

17  appointed counsel.  Dkt. 73 at 12–14.  Moreover, the pro se petition sufficiently alleges

18  that counsel's ineffective assistance throughout the entire proceeding led Petitioner to

19  request new counsel on multiple occasions.  Thus, even if amendment was procedurally

20  required, the new arguments are based on facts of the same time and type as those

21  asserted to support the broad IAC claim.  *Mayle v. Felix*, 545 U.S. 644, 659 (2005) (new

22  claims must stem from facts that are of the same "time and type" as those set forth in the

1  original petition).  Therefore, the Court concludes that Judge Fricke properly reviewed all

2  of Petitioner's arguments in his supplemental brief.

3        **2.**      **New Evidence**

4        The State argues that Judge Fricke erred in accepting Petitioner's new evidence in

5  support of his IAC claim.  Dkt. 67 at 6–7.  Petitioner argues that the State's position is

6  "contrary to controlling Ninth Circuit law . . . ."  Dkt. 73 at 4.  The Court agrees with

7  Petitioner.  *Ramirez v. Ryan*, 937 F.3d 1230, 1248 (9th Cir. 2019) (petitioner "is entitled

8  to evidentiary development to litigate the merits of his ineffective assistance of trial

9  counsel claim, as he was precluded from such development because of his post-

10  conviction counsel's ineffective representation."); *Dickens v. Ryan*, 740 F.3d 1302, 1321

11  (9th Cir. 2014) (en banc) ("We also reject the state's argument that, even if [*Martinez v.*

12  *Ryan*, 566 U.S. 1, (2012)] applies to the standard for Dickens to show cause, § 2254(e)(2)

13  will bar Dickens from introducing the new evidence to the district court."); *Detrich v.*

14  *Ryan*, 740 F.3d 1237, 1247 (9th Cir. 2013) (en banc).  Therefore, the Court adopts the

15  R&R on this issue.

16  **B.**    **Petitioner's Objections**

17        Petitioner objects to the R&R's conclusions on his pretrial IAC claims, which are

18  subject to de novo review.  Dkt. 69 at 5 n.3.  Thus, the Court adopts the R&R on

19  Petitioner's other claims that were subject to deferential review.

20        Regarding the pretrial IAC claims, the Court agrees with Petitioner that he has

21  satisfied his burden for an evidentiary hearing.  "During plea negotiations defendants are

22  'entitled to the effective assistance of competent counsel.'"  *Lafler v. Cooper*, 566 U.S.

1    156, 162 (2012) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).  To

2    succeed on an IAC claim, petitioner must show both deficient performance and prejudice.

3    *Id.* at 162–63.  Regarding an evidentiary hearing, one "'is required whenever petitioner's

4    allegations, if proved, would entitle him to relief,'" and Petitioner's "allegations need

5    only amount to a colorable claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 670 (9th Cir.

6    2005) (quoting *Turner v. Marshall*, 63 F.3d 807, 815 (9th Cir. 1995)).

7    　　　In this case, Petitioner has asserted colorable allegations.  Regarding the

8    competency component, Petitioner has submitted credible evidence that raises serious

9    questions about his counsel's motives.  Not only did his counsel seemingly argue against

10   his removal from the case, but his counsel also admitted on the record to *ex parte*

11   communication with the court to get approval to not give Petitioner discovery.  These

12   issues deserve further factual exploration because they are tied directly to the attorney-

13   client relationship leading up to the plea negotiation and rejection.

14   　　　Regarding prejudice, Petitioner declares that he would have accepted the State's

15   plea offer if he had an attorney that he could have trusted.  Dkt. 58-8, ¶ 8.  In light of the

16   attorney's reluctance to withdraw and failure to provide discovery, Petitioner's

17   allegations amount to a colorable claim of prejudice.  Therefore, the Court declines to

18   adopt the R&R on the issues of a denial of an evidentiary hearing and denial of his plea

19   negotiations claim.

20   **C.    ORDER**

21   　　　Therefore, the Court having considered the R&R, Petitioner's and the State's

22   objections, and the remaining record, does hereby find and order as follows:

(1)   The R&R is **ADOPTED in part**;

(2)   Petitioner's petition is **DENIED in part**;

(3)   Petitioner is **GRANTED** an evidentiary hearing on his plea negotiations claim; and

(4)   The parties shall work with the Court Clerk to schedule the hearing and file a joint status report no later than July 3, 2020.

Dated this 15th day of June, 2020.

BENJAMIN H. SETTLE
United States District Judge